**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50997
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON PERALTA-PENA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1588-ALL

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ramon Peralta-Pena (Peralta) appeals the 46-month prison sentence imposed by the district court after he pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326. He argues that the sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a) and specifically asserts that, in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007), the presumption of reasonableness does not apply to his within-guidelines sentence

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because U.S.S.G. § 2L1.2, the guideline provision applicable to violations of § 1326, is flawed in that it is not supported by "empirical data and national experience" and allows previous convictions to be "double counted" in the calculation of guidelines ranges. Peralta further asserts that the sentence fails to adequately account for his circumstances and motives and that the Sentencing Guidelines produce unwarranted sentencing disparities because of the random availability of "fast track" programs.

We have consistently rejected Peralta's "empirical data" argument, concluding that *Kimbrough* does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). Furthermore, we have also rejected the argument that using a prior conviction to increase the offense level and in calculating criminal history is impermissible "double counting." *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Peralta has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).

Peralta's argument that the district court abused its discretion in not considering the circumstances and motives surrounding his offense is equally unavailing. A review of the record reveals that the district court considered Peralta's argument that his circumstances justified a sentence below the guidelines range but ultimately implicitly rejected this argument by imposing the minimum guidelines sentence. Moreover, when reviewing the reasonableness of a sentence within a properly calculated guidelines range, we will infer that the district court "considered all the factors for a fair sentence set

forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

As Peralta concedes, the argument that his guidelines range was excessive because it resulted in an unwarranted disparity between defendants to whom the "fast track" program is available and those to whom it is not available is foreclosed by current circuit precedent. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Accordingly, this court need not consider it further. The judgment of the district court is AFFIRMED.